thank you your honor may it please the court I'm gonna endeavor to say five minutes for rebuttal the district court acknowledged that federal agencies have authority to examine their existing grants determine whether they're statutorily entitled to impose conditions and then impose conditions inconsistent with the president's priorities so the only question in this case really is whether the district court properly construed the various instruments at issue in this case to do more than that and the text of those provisions as well critically as the implementation of those provisions in the months that preceded the district courts preliminary injunction make clear that the district court was wrong about that it wrong in the sense that it seemed like the district court thought he was bound by the 2018 decision and the order that was issued there but there seem to be some differences between the executive order there and what and the executive orders that were at issue here that's correct and there I think it's correct both that the district court seemed to regard itself as bound and that there are significant differences that lead to a different result the certainly is bound I mean that bound as to what is the question but it's bad right it's bound in the sense that it's binding precedent it's not bound in the sense that it's controlling precedent because it doesn't control this case because there are differences are that matter sure I mean so when the first thing just sort of at a general level and I'm going to get into the specifics is you know these are two different executive orders with different text and let me ask a question about that there was also a third executive order right after the preliminary injunction but the district court was clear that he understood that his order applied to the third executive order as well and as I understand it your notice of appeal includes a third executive the third while the clarifying order at least which in which dealt with the third executive order so it's the third executive order before us as well what's before you is the district courts injunction right and covers the third executive well I mean I mean part one of our submissions as you know is that it's not entirely clear what the district courts injunction covers because he said that's quite specifically as I recall well but he didn't say we couldn't implement the third executive order at all in his reasoning actually said that there were many aspects of the third executive order that he liked and all I'm saying is it's before us and it ought to be part of the question of what does these the set of executive orders do together I guess I I'm not sure I thought the the district courts opinion was the district court issued a preliminary injunction because it found legal defects in two executive orders and one directed issue directive issued by the Attorney General and if the district court was wrong that there were legal defects in those things then it's preliminary injunction should be vacated now I agree with your honor that if the if if one of the things one of the consequences of the district courts injunction is to prohibit the department from carrying out lawful directives in the third executive order that's relevant to this court's analysis but I do want to get back to your original question because it because obviously the central one in the case about the differences so just starting with the text of the executive order what this executive order says and I'm speaking of the principal one that the parties have focused on is that that agency the two specific agencies are to evaluate and undertake lawful measures and that language the evaluate in particular which was absent from the previous executive order I mean if you just saw that in a vacuum it's totally clear what it's telling them to do it's telling them to look at the various grant programs that they have and decide whether and and maybe you can give the follow-on what has been done I mean I guess now nothing because it's enjoined but before you were enjoined there weren't any grant or I guess there was one grant that the the HUD COCs were that the money there was denied were there any others that the department had taken any department had taken action to deny funds to a sanctuary that segues nicely to my second point because what had happened was the Department of Justice and the Department of Homeland Security and this is this is a fundamental difference from the last last case in the last case the preliminary injunction was issued within several days of the issuance of the executive order so we didn't have a record of what the agencies had done with these things here what happened was the Department of Justice and that the Attorney General and the Secretary of Homeland Security directed their subordinates well first of all the Justice Department froze all grants but that's not accurate your honor in this in the 2018 I mean the bonding order freezes all the grants first that your honor the the other side's brief says that and it leaves out order says well it says consistent with law it says considering statutory authority I mean they I mean I understand that the other side doesn't think that there's a record show whether there was a complete pause or was it that certain things were what does the record say on that what the record says in what the district court said and we've quoted this a number of times in our brief is that the plaintiffs are bringing a pre-enforcement challenge because they are not identifying particular grants of theirs that have been frozen and this is a preliminary injunction that was issued several months after the executive order is the record silent on whether there actually was a across-the-board pause or does it say anything about what kind of pause followed from the bonding order it the record isn't silent that the plaintiffs are shooing us and they're saying you froze all this funding and they have no evidence that any particular grant was frozen they their their declarations go through a series of you know they say we've got this funding we've got Medicaid we've got Medicare we've got grants we've got this and that and they say we have a credible fear going forward and this is the basis on which the district court found we have a credible fear going forward that these grants will be frozen and this is months and months after this executive order was issued with applicable status regulations court orders in terms the Department of Justice shall pause the distribution of all funds until a review has been completed terminate any agreements there in violation of law or the source of waste etc where appropriate that's what it says correct in the first clause that he read says consistent with applicable law statute regulations distribution of all funds right consistent with law I mean the point the point that we're making is not that these these orders don't do anything why I think that is the point you're making no seems to me you're coming to the point of saying these don't do anything that's I that couldn't be further from the truth your honor the the president directs his support in it to implement his policy priorities consistent with applicable law and the plaintiffs want to say when he says consistent with applicable law he doesn't actually mean it and he means do it without regard to applicable law and that's what the district court said and that's what this court said that the executive order the earlier case say about the language in that executive order that similar said to the extent system was law and their discretion to the extent consistent with law and the opinion said what about that it identified some features of that executive order that made it think that in the circumstances of that case that language wasn't controlling for example it said that there was an exception it said the Attorney General was supposed to do that except for when required you know for law enforcement purposes and it said there wouldn't be an exception if unless it was otherwise meant to be categorical now this executive order of course does not have such an exception it I know candidly we didn't think that that was compelling at the time that's why we were the appellant in that case but as the case comes to this court it's different you're saying in the in the panel have you provide I mean other than the Department of HUD continuum the COC grants we can talk about that separately are there other areas where the gnome directive has been interpreted such that federal funding has not been provided to sanctuary jurisdictions I just want to be clear you just said gnome which is just Homeland Security yeah I apologize but I'm happy to that's actually a good one to talk about because I think we were talking about how to interpret the executive order rather than the underlying directive so FEMA is a good example so if I could go to that no no FEMA when it when it got the executive order FEMA undertook an analysis and said okay we're gonna figure out which of our grants should be subject to immigration conditions and which should not and that and that's in the record in the excerpts of record and discussed in the opinion and in the briefs and they identified a series of grants you know disaster related grants certain emergency services that would categorically not be subject to the conditions now I don't know how the plaintiffs would reconcile that what actually happened with their view that this was supposed to be categorical because it clearly wasn't and then they identified some 12 I believe that were going to be subject to you know to these conditions and they said those are there have been some that have been identified correct but they but the mud so did the money end up going out or it just that the time period hasn't come up or the money was going to be stopped and now has gone out in light of the injunction I mean the the main thing that the main thing that the exact that that the agencies were contemplate doing were attaching conditions as opposed to just stopping the money so some agencies have announced in some circumstances that they want to impose you know conditions and say you can't have this funding unless you agree to these conditions there have been a number of lawsuits around the country by these plaintiffs and others challenging those on a case-by-case basis and so a lot of them haven't in fact been implemented for that reason the the possibility of filing those lawsuits is actually supports our position here which is that if you think that there is an individual grant if you think FEMA got it wrong and that when FEMA said we're statutorily and regulatorily entitled to impose the conditions on this grant or that grant or the other grant then you know that you think FEMA is wrong about that then you can bring a suit and you can challenge that and they have done that so let me ask you that given the fact that what you just said that some of these decisions have been made to cut funding and they have been challenged this gets back to standing we haven't talked about that usually we talked about that first but I don't find your standing argument to be particularly compelling here if all of these jurisdictions are sanctuary cities and it seems like you're not really disputing that they all would be sanctuary jurisdictions yeah I mean our arguments are mostly merits arguments you're not okay so you're not you don't think there's a problem with standing okay I mean there may be a problem with irreparable harm because right because there's some no that's fine I just want to make sure certainly right so you think whiteness is problem yes I mean I guess it's a little hard to disentangle I mean basically this court has to decide whether the district court is correct that this executive order means cut off all of the funding even though in our view so if the district court was correct in its reading it wasn't there wasn't a ripeness problem it's a merits problem it would be right I mean look if if the court was if the court was right and this was an executive order that said you have to cut off everybody's funding you know for everything for all time unless they stop being a sanctuary city we lose basically all of our arguments except for the ones about the of the injunction which we can talk about so meaning that you don't think there are any merits arguments we're not we're not here telling you that we have authority to cut off everybody's funding in every federal program without regard to the circumstances saying you have you have authority to take a case-by-case well you're here to tell us that you understand that you don't have that authority what I you I couldn't quite tell whether you were I mean there are a series of merits arguments having to do with separation of powers and and the Tenth Amendment and and spent the spending clause you devoted relatively little time to them and you seem essentially to to agree that there in be air problems of those sorts if there was a broad prohibition on funding for sanctuary cities beyond some something that you could find authorized in a particular statute is that your is that your substantive position I mean when you say authorized in a particular statute I mean it I mean it's sort of tautological to say that unless we have statutory authority to impose the conditions we concede that we don't have statutory authority to compose the conditions maybe tautological except it doesn't necessarily seem to be the position of the current administration no it certainly is your honor and and and and I would I would add to that that agencies have identified circumstances in which the conditions should not be imposed and and so we're not claiming authority in every circumstance for example there have been the this lawsuit the one that I spent aside I think is the Illinois case but there have been a series of lawsuits about 1373 and about whether there is whether cooperation in is mandated as opposed to voluntary and that's really what's at the core of the merits of this case and I can't tell if should we as a court address those questions first in order to figure out what it is that lawful means so that we can then deal with what the orders mean is it are we going about this in the wrong direction as our is your argument in the wrong direction ie we don't have to know anything about what lawful would mean but we can just say as long as you say if it's lawful that's enough we we can read the the orders without knowing what we mean by lawful or or consistent with law or anything like that the first thing the court needs to do is this is the one area in which we agree with the district court the first thing the court needs to do is figure out what these executive orders mean and if you don't know what lawful means in the mind of the government and we can't know what it means that's not quite right your honor because the if the if the the executive order could tell the executive order on its face doesn't say here are the circumstances in which it would be lawful to impose conditions and here are the circumstances in which would be unlawful to impose conditions and you could read the executive order all day and you're not going to answer that question what the executive order says is I am hereby directing you subordinate officials cabinet officers to employ lawful means to carry out the president's priorities now if you if you think that then the cabinet officers who were who are tasked with doing that or their subordinates who they further delegated it down to got that wrong you could bring a lawsuit about that and people have run lots of them and some of them are before this court and some of them are for that doesn't mean you in this way to the money is actually denied or the the conditions are actually put into their next contract I mean that's what their concern is how do we run a municipality or a county if we have no idea what the governing rules are well I mean when the government you know in an individual case when the government says here we are you know sending out a notice of a funding opportunity or we're imposing a grant or we're negotiating a grant agreement and we want to place these conditions and then then the plaintiffs the the the counterparties to those agreements can go to court and they have not been shy about doing this I'm not saying they should be but they're going they can go to court and they can say no the conditions you're trying to impose on us are unlawful and then you have a ripe dispute and a concrete meanwhile how do they run their their city I mean when they're you know this is a huge percentage of some of the city's budgets well I mean I have two responses to that the first is the things that they say are a huge percentage of their budgets as federal funding writ large and there are lots of federal funds that aren't plausibly going to be subject to these conditions Medicaid Medicare I mean and not Medicare because that's federal but Medicaid and then the other thing I would I would say is I mean if their argument is we do not know ahead of time which conditions the federal government is going to try to impose you know on federal funding going forward oh and well and then you have members of the administration including the president going around saying we are not going to give any money at all to sanctuary cities that's what he's saying I mean we I'm happy to go point by point through the statements that were made none of which really this is a recurring problem in this court which is what is before us is it the actual agency action or is it what the president's saying and we have you know many judges who get very worried about what the president says as opposed to what the actual agency action actually says but you would agree that we're reviewing the agency action here that's correct in it and in this case is actually easier than some in that respects because the if you go through the quotations that the other side has about things that the president and others have said they've either expressed general desires to reduce federal funding for sanctuary cities and we don't have we don't dispute that that is a policy objective of the administration and then the one most specific one they had the president says I'm preparing papers to get rid of federal funding for sanctuary cities and if the president and issued after the executive order and if he does that then quite probably the April 28th order which is why I asked the question to begin with and that one does seem to go to some degree and more directly at doing that and we also haven't discussed 218 at all and I understand I don't understand your reading of that but it does still have consistent with applicable law so everything that you're saying seems to come down to the system with applicable law like language okay there were two orders there were three orders there were two pieces to that so I want to make sure I get both of them so so to start with with the executive order that wasn't directly enjoined but the district court discussed it in subsequent order I mean the district court actually liked that one more than it liked the other ones up to a point and that one well that one says identify appropriate funds to be cut off so I mean whatever you read that to say it is not cut off everything I mean it just doesn't say that I don't think even the district court thought that it did the district court I mean this is this will get to our problems with the scope of the injunction and and the fact that the district court seemed to think there are some things that it's hard to tell what they are that we're not allowed to do but like if you can't read that one and say it says cut off everything because it says identify which funds to cut off and which not to so that's that now in terms of the other executive order you know you're right that it does say consistent with applicable law and you would need an explanation I mean the district court I'm not even sure what it seems like the plaintiffs in the district court are saying that you know provision 2a2 of an executive order about the about pro-ora is in fact smuggling in a blanket ban on all federal funding for sanctuary cities I mean that's just like obviously not right why it says federal payments to states and localities so the payments are the states and localities that do not by designer effect it says facilitate the subsidization or promotion of illegal immigrants that's the the basic subject of the order as a whole or a bed so-called sanctuary policies that seek to shield illegal aliens from deportation now I don't know what that second phrase has to do with providing benefits to illegal aliens I guess two responses one specifically to the phrase and the other to how you read the whole thing I mean the the heading section 2 which is this all you know which is which is the whole provision pervert preserving federal public benefits so that that's a textual clue right there and then it says to prevent taxpayer resources from acting as a and to ensure to the maximum extent permitted by law that no taxpayer funded benefits go to unqualified aliens the head of each executive department or agency shall so that's the that's the preamble so the district court I think just sort of scraps all of that so then you get to the text and then you asked about the last part and of course sanctuary policies could be aided by measures having to do with poor for example some sanctuary cities are quite proud of the fact that they don't want to people to have to reveal their immigration status and they say you can get these benefits and we don't we're not going to find out that you're not lawfully entitled to be in the United States and therefore would be subject to immigration enforcement and if you do that then you're going to be giving in many circumstances benefits to people who are not lawfully in the United States which presents the problems that the executive order of states and I mean this might be a good I'm happy to take more marriage questions this might be a good segue to the scope of the injunction which is obviously the court doesn't need to get there because the injunction is just erroneous and should be vacated entirely but you know if the district court thought I mean there are things that the district court thought that the government was perfectly entitled to do that we're still enjoined from doing like you know we can have the district court said of course you can evaluate whether certain conditions are allowed or not but the injunction says you can't do anything based on these executive orders and if you thought that this provision you know said um you know is a blanket ban then you could say you can't have a blanket ban now that would be erroneous but probably not as practically consequential as the preliminary injunction we're laboring under right now but what you can't do that would allow you to still do an individual case-by-case analysis which is all we're doing right now I'm not I'm here to tell you that we acquiesce to such an injunction because it would be legally wrong for all the reasons we've identified and the district court has made clear especially when it starts talking about how we have to comply not just with the letter but also with the spirit of its injunction that you know being under an injunction in this area is problematic and so that's why and for all the reasons I've already said the injunction in this case should be reversed outright but an absolute minimum it needs to be narrowed and to whatever the problem is that this court identified and also incidentally to the federal agencies that are actually defendants in this case how about we give you some time for rebuttal thank you your honor appreciate your your argument may please the court current elect for plaintiffs appellees we agree with counsel on the other side that the issue on appeal here is quite narrow it's whether these executive orders do affect a categorical directive to agencies to condition funds to jurisdictions that limit assistance with civil immigration enforcement so-called sanctuary district court seem to think that you could do a case-by-case program by program analysis and decide under the law whether you could attach immigrated immigration related conditions correct that's correct so if you arrived as a new administration and you decided you would like to attach immigration restrictions to as many programs as you can and you wanted to give that directive wouldn't it look like this I mean that's essentially what this says is this is what I'd like to accomplish to the maximum extent that it can be done now everyone go and figure out whether you can do it and yet it's immediately the whole thing is enjoined so you can't even look at anything in the district court plops itself in the table and everything has to run through me no your honor in terms of the scope of the injunction and very clearly only targets a categorical application of all funds from an agency or from the executive writ large but just any actions that implement specified paragraphs and and the broad instruction to go out and figure this out is among those well your honor the the specific language of will start with executive order 14159 but I just want to get back I mean your position is if we said just to be clear the district courts injunction does not prohibit a case-by-case analysis you're saying that's fine because you don't think that's what the district court did that's correct the during the hearings and the transcripts in the court's order it made clear the administration can continue to do a case-by-case evaluation this sentence is enjoined from being carried out by any executive branch official the Attorney General and the Secretary of Homeland Security shall to the maximum extent possible under law evaluate and undertake any lawful actions to ensure that so-called sanctuary jurisdictions we seek to interfere with the lawful exercise of federal law enforcement operations do not receive access to federal funds that is just a direction to figure out whether you can do this and to the extent you can do it and yet that sentence is enjoined we disagree your honor we think that that language is a categorical directive counsel on the other side focused on the word how is this categorical an instruction to evaluate and undertake lawful actions to the maximum extent possible under the law I think your honor this this court's decision in the 2018 decision in City and County of San Francisco versus Trump is highly instructive it's highly instructive because it we said that there was an absolute categorical bar on the plainest language and and I don't see it here well your honor if I could point to that 2018 executive order it in fact included quite similar evaluative language so that 2017 executive order directed that the Attorney General and Secretary of Homeland Security shall quote in their discretion and consistent with law ensure that sanctuary jurisdictions don't have eligibility for grants it also said that those officials seem to be totally different well your honor that that again vests discretion in those officials to take no action or take some it sure does but it it it says take action to deny I mean they still have discretion but it directs them to use that discretion to just deny without an analysis any funding to sanctuary cities that's not what the executive orders here do answer first well your honor it says in their discretion and consistent with law shall ensure so they have the discretion to do nothing if this was truly about acting consistent with law in the 2017 executive order it also told those officials to maintain grants that were quote deemed necessary for law enforcement again vesting those 1459 is extreme 14159 is it's at least ungrammatical but evaluate and undertake any lawful actions I don't understand how you it doesn't say evaluate and if you find that's lawful do it it says evaluate and undertake and then it says to ensure that so-called sanctuary jurisdictions do not receive access to funds and that's a generic statement that's correct your honor and the directive language in the 2018 exact 2017 executive order and this one is remarkably similar that one said that those officials shall ensure that sanctuary jurisdictions quote are not eligible to receive federal grant that we can said that that executive order unambiguously commands action and that the Savings Clause cannot override that instruction I don't see a similar categorical instruction that you must take action that can't be overridden by savings language this all seems to be conditioned and wrapped around by these kind of qualifications well your honor I think the key language here is the undertake actions to deprive sanctuary jurisdictions of federal funds again this is also in the context that they could take those actions I mean you your argument seems to be this money constitute we have a constitutional right to this money nobody can even look at whether it's legal or not legal to give it to us we have to have it and stop any evaluate but then what you're saying now is no they can do it individualized analysis your argument your honor is that the president does not have the power to categorically direct that all funds be conditioned or withheld from sanctuary that may be but that's not I mean and that's what we interpret the executive order and the an open door they don't claim that that's what it means well your honor I take counsel's representation which ironic is you both seem to have the exact same position here and here we are with an injunction that's entered you're saying we don't want a unilateral executive order that prohibits all funding they're saying we we hear you we've done it so that it doesn't do that they're saying all we want to do is do an individualized inquiry and you're saying we agree you can do an individualized inquiry so I I mean I'm almost to the point where it's like what's the fight about well your honor notwithstanding counsel's representations and I know judge Nelson you asked about what actions agencies that actually taken prior to well there does seem to be one issue which is that and we didn't get into it because of time but that the continuum of care from HUD that did seem to be it correct me if I'm wrong money to a specific that was specifically designated to be dispersed and it was it was stopped from being dispersed so that does seem to be in exactly what we're saying should be looked at and might be a proper injunction well your honor HUD is his one example and for HUD we would point to the April 7th letter from Secretary Turner which invokes these executive jurisdictions basically has said the same yes and and it's not just one thing I have a real problem with is this this order not the other one or the other two is specifically directed at the Attorney General and Secretary of Homeland Security I understand that the night 2017 one was also but how do you get to the government as a whole from that it's because the Attorney General is enforcing everything I don't understand it well you're correct your honor executive order 14159 is directed only to the right AG and the other secretary the other ones are more broad notwithstanding that we have evidence in the record that was before the district court that showed that the Department of Transportation for instance invoked that executive order I thought the part of transportation actually didn't invoke it actually I use the language but it didn't invoke it well your honor we in our request for judicial notice we provided the press release that accompanied the April 24th letter but it's not in the letter okay and that press release was linked in briefing before the district court we just provided it as the press release itself that very specifically does invoke the well then they can't read but what back to the same question I mean we can invoke it because it's I mean we could tell them that there it's not in fact authorized but still how what what is the theory about why an order that applies to the Attorney General and the Secretary of Homeland Security applies to everybody well the language of the executive order talks about federal funding generally again the president's statements and other officials 14 to 18 applies to every executive yeah correct 14 yes so so even even if 14159 287 applies to everything correct your honor and with respect to 14287 I know Judge Berzon you had a question about that what the district court's May 9th order said was executive order 14287 only calls for identification that's permissible to do a case-by-case of individual evaluation what's problematic is when the White House issues a fact sheet accompanying that that executive order that says actually the purpose of this executive order is to withhold all funding and it says shall identify appropriate federal funds to sanctuary jurisdictions including grants and contracts for suspension or termination as appropriate I mean presumably that means do it not just make a list correct so so the district court again drew this this distinction where the court where the administration can do the individualized identification it used the example of DOJ burn jag grants or cops grants that were separately challenged I just don't see you you seem to read the injunction as allowing an individualized inquiry and I I don't think that's true I mean but if then you would not object if we issued an order you know ordering the district court to modify the injunction to a lot to specifically to allow an individualized inquiry inquiry into the grants that's correct your honor the district and the district court said that several times he just didn't put in the injunction and it's it's not it may not be in the injunction of language itself it is in written in both the district courts May 3rd order and the April May 9th order where the court talks about the constitutional principles of play and says very clearly what I'm not doing here is preventing the administration from engaging in an individual case-by-case analysis and if there are specific grants I don't know I guess I'm just coming back to this conclusion that maybe we need to work on the mechanism to do this but there doesn't really seem to be a dispute in this case at the end of the day well your honor I think again at the time the court issued its injunction what it had before it was this text of the executive order which is quite expensive the executive orders which are quite expansive and agencies that at the time were taking action to include conditions requiring cooperation with immigration enforcement in their general standard terms and condition which are intended to apply across the board to all of those in that context the district court did not abuse its discretion in looking at those actions and concluding that the agencies were interpreting these executive orders quite broadly so is it your the agency seemed which seemed to have written their proposed conditions fairly broadly and with a little bit of caveats but the government's position here on the merits seems to be that the authority is actually to do this relatively narrowly at one point you said or the district court says you know they agree that they can't they have to have a close nexus and they agree that they can't not spend money that's been appropriated and they agree and all that they agree to all that in fact yes your honor actually at in the transcript of the hearing on the PI motion which is at pages 175 and 176 of the supplemental excerpts of record there was an extended colloquy between the district court and the lawyer for government where they expressly conceded these agencies agree with that because the way they are writing their their condition seems much broader and and that ultimately gets to the issue of why we need a court order that enjoins the categorical directives that we believe are in these executive orders and then at the time of the injunction the agencies appear to also be implementing of course it's a challenge that is so an agency comes in and says we're gonna add this restriction to all of our grant grants from here on out that seems like a final agency action that you could then challenge but why do we read that in at the front end I mean that that presupposes that they've done what the executive orders say they've looked at all this they have rightly or wrongly made a determination that a certain restriction is warranted okay challenge it but that's not what but that's not what the executive order does well your honor the challenge here is to the executive orders the relevance of the agency actions the executive order doesn't do what I just described and what you said you really complained them out is these agency decisions to impose these restrictions on funding and that is a completely separate case that's not what we have before us now well we we respectfully disagree that the executive orders do in fact direct a categorical directive and it to the extent there were any ambiguity what the agencies were doing is evidence of how those executive orders I disagree with you I don't think that that is evidence of that that is that what it is is it's evidence to the contrary it's evidence that they are looking at these on a case-by-case basis just because they come up with one general restriction that should apply across the board that doesn't have any bearing in my view on what the executive order says and to the extent it does it suggests exactly what the government is saying the executive orders mean well when when the agencies implement the executive orders by saying all of their grants are going to be conditioned on cooperating with immigration enforcement essentially targeting sanctuary jurisdictions that's evidence that they are applying those executive orders to all agency terms the general terms and conditions for example Department of Homeland Security say that they will apply to all federal financial assistance all of this sort of covering up a basic merits disagreement about the issue of the kindness in the Illinois and New York and Colorado and so on cases about what is it that the federal immigration laws actually can require of the states no your honor those are not implicated here here they are implicated here because that's really all this law issue about if we were in agreement about that if the if the government and and the plaintiffs were in agreement about that then and we therefore knew what to the maximum extent possible under the law wasn't it and for example the maximum extent possible under the law did not permit limiting funds to two localities that wouldn't honor detainers past the the period of a sentence then if we get down to the nitty-gritty about what exactly are we arguing about then we might have a different problem it seems to me that what's really happening here is that the plaintiffs and and the basic legal principles really don't well your honor it's principles the marriage principles on the separation of powers here this case is whether these executive orders categorically deprived funding if they do there's no disagreement I want to make sure I understand the scope of your constitutional claims because part of the district courts analysis is that you know the executive violated the separation of powers by attaching conditions to spending that Congress in the exercise of its spending you know clause power had not clearly established and so it was usurping that authority and acting in the absence of it but part of it seemed to be just a court Tenth Amendment authority that seemed to suggest that even if Congress did itself attach these conditions you were immune from them are you making any argument of that second kind to the extent that this is withholding all funding we do have a Tenth Amendment claim that that would be coercive under NFI versus Congress could in your view Congress does not have the authority to say that you will certify compliance with 1343 or you're not getting anything for any funding your honor I think that's that's not this case if it's just withholding all funding we may have a Tenth Amendment claim I think here the separation of powers I mean does Congress need its spending clause authority in order to impose 1343 on you your honor I I think that would depend on analysis of how they do it on the language of Dole and NFIB and the impacts but again that's not but Dole was Dole was a conditioning authority they actually pointedly did not decide whether Congress had the authority to impose it directly but maybe Congress in the exercise of its authority which is fairly plenary over natural you know immigration and naturalization can in fact direct the states not to do things that interfere or impede with the execution of federal law and if it can do that directly then why can't it say we're gonna deny all funding to anyone who who impedes federal law now view I think your honor that comes up against this courts decisions in United States versus California and other cases dealing with immigration enforcement and local I'm Congress's authority I mean do you have a Tenth Amendment argument that is not dependent on a spending clause argument I understand the spending clause I think for purposes of this case our Tenth Amendment argument is conditioned on the spending clause part of it on the coercion aspect but I think if the court were to find that this were categorical directives then this the 2018 decision in city and county of San Francisco is binding and the court should resolve it on separation of powers and not reach the remaining issues very briefly on the second executive order 14 to 1 8 I think our first argument is that the per war per war statute arguments that appellants raised were never raised before in the district court in the PI briefing it's not that they made arguments as to to a to and raise a different framing here to a to doesn't appear in the PI opposition they only mentioned to be per war makes no appearance so we argue that it's waived and the district court couldn't have discretion by not considering an argument that was never presented even if it were their reading of the statute of to a to is implausible in particular because if they say it effectively is just a policy statement an aspirational mission statement of what will be accomplished but if we look at to a it very clearly directs action it says that the direct all agencies shall to a one directs a very specific action identifying certain federal funding federally funded programs and to a three is about enhancing verification systems so when you have those it would be very odd to have a general policy statement in between and for those reasons we believe that the district courts injunction should be affirmed and that it only applies to a categorical application of these executive orders okay thank you thank you for your argument we'll give you two minutes for rebuttal thank you your honor I just want to talk about why we're here because I think that's the sort of the central question here we're here because the district courts injunction doesn't just prohibit a categorical approach the district court said the what FEMA did was I tend to agree with you but it's very odd that we have two parties that seem to be largely aligned on what could or could not happen and it seems like the only thing is what does the district court order do and we just need to clarify that in some way or another well also what the executive order does because I mean there there shouldn't be an injunction at all in this case and and you know and you know the district court you know recently said you know hud's you know hud's thing was impermissible under my injunction hud's not even a defendant um that your argument on hud I mean cuz hud you don't disagree is that that is a individualized inquiry where funding has been stopped correct right and people have sued hud and said hud doesn't have authority you're just saying the injunction is improper here because hud is not a is not a defendant it's not just because they're not a defendant it's also because you would have to say does hud or does it not have authority to impose these conditions on the grant programs that are at issue and like I think the district court sort of took that issue up and what it described as preliminary injunction compliance proceedings but like if if you want to write a complaint that says you know hud has imposed this condition we think it's unlawful for hud to do so and you know and here's what the program says and here's why immigration commit conditions aren't permissible you can write such a complaint lots of people have written those complaints and some of them have even gotten injunctions but that's not this complaint is that the reason for pointing to what hud did and what got did is to demonstrate that the agencies are not interpreting the order as you are asking us to do I agree that that's I mean I guess I would make two points on that that is one thing that the other side is saying now what hud and DOT have have done I see I'm over but I'm gonna answer the question um what hud and DOT have done is is consistent with what the orders are saying it's just that there's a disagreement at the back end about whether hud was right that it had authority to do this for all of its programs and you could think that hud was wrong and you could think that DOT was wrong well but it's supposed to be consistent with law it is and it seems extremely unlikely that everything that hud does deals with immigration enforcement probably none of it does or almost none of it I mean I mean I mean that's not true because there's grant programs that go to people and you have to verify their immigration status so it's not none of it and and I guess my point is just if you have an issue with what hud has done you can sue hud and identify the things that hud has done that you think are wrong you know hud you know regardless hud's hud's determination is based on a separate agency action it's not it's not a your your point is it's not appropriate to just challenge the executive order and then roll hud into it if you want to challenge hud challenge that action right which has been done and people are in other cases in other cases right and exactly not in this case you're not going to find any of this in the complaint so before you sit down can can you address the continuum of care program which judge Nelson raised with your opponent that this is still the hud thing yes yeah I mean the specific hunting right the particular suspension of a grant in that case I mean I guess I'm not sure I have much to say beyond that it's the subject of other litigation there's some there there's actually an injunction separate from this case against that and my I believe the current status of that is the government is is sort of on its appeal time and deciding whether to appeal an order relating to that and so the government could you know may appeal and argue in that case that hud had authority to do in court is that case I don't want to lead you astray I think I think maybe I think I think it might be a San Diego case but I but I don't want you to hold me to that I I apologize your honor I don't want to I don't want to say something that's wrong to the best of my recollection I know that that has been challenged in other cases to the best of my recollection there's an injunction and an appeal has you know hasn't yet but but well there's an injunction in this case I know exactly but this is sort of attack on to a case that's about something else and I guess my point would be and so I may have the procedural posture of the other case wrong and if I do I apologize I don't want to mislead the court to say I'm certain but the point that I'm making is it is a much more fundamental one which is that if you think that hud has misinterpreted its authority you should shoot hud which people have done and then you can get an injunction or not and we can appeal or not and we can work it out in a concrete context and that goes to sort of the ripeness point and I think the problem here is that yes there may I agree I wholeheartedly agree with the points that judge Berzon made earlier that there is a lot of disagreement between the parties about the specifics of the circumstances they should be handled in the concrete cases in which those disagreements come up absolutely I I know I'm way over time I'm happy to answer any additional questions of the court I think we have the arguments has been very helpful we appreciate both counsel of your the case is now submitted that concludes our arguments for the day
judges: BERZON, NELSON, COLLINS